# GRAND ISLE COUNTY.

## JANUARY TERM, 1837.

PRESENT, HON. STEPHEN ROYCE,
    " SAMUEL S. PHELPS,
    " JACOB COLLAMER, } *Assistant Justices.*
    " ISAAC F. REDFIELD,

### SAMUEL BOARDMAN *v.* GILES HARRINGTON.

*Grand Isle January, 1837.*

In an action before a justice of the peace, on a promissory note, exceeding twenty dollars, but indorsed below ten dollars, the *ad· damnum* in plaintiff's writ being ten dollars, and there being no plea in offset, the case is not appealable.

If, in such case, the defendant first plead in offset, in the County Court, (*or if the plea was not bona fide in the court below,*) it will not make the case appealable.

In an action upon a promissory note, originally above twenty dollars, and indorsed below that sum, but not below ten dollars, it would seem the case is still appealable.

This was an action upon a promissory note for a sum exceeding *twenty dollars,* but so indorsed, as to leave less than *ten dollars* due. The *ad damnum* in the plaintiff's writ was ten dollars. The declaration stated the indorsements on the note, and that less than ten dollars remained due. The justice of the peace, before whom the suit was brought, rendered judgment for the plaintiff. There was no plea in offset, in the justice's court. The defendant appealed, and, in the County Court, the plaintiff moved to dismiss the appeal for want of appellate jurisdiction in that court. The motion was overruled and, on trial before the jury, the verdict passed for defendant. The plaintiff filed exceptions to the decision of the Court overruling the motion to dismiss, as also for other matters. The case was decided

Grand Isle
January,
1837.

Boardman
v.
Harrington,

on the motion to dismiss, and it becomes unnecessary further to consider the plaintiff's other exceptions.

The opinion of the Court was delivered by

REDFIELD, J.—There was no plea in off-set before the justice of the peace, and such a plea, *first* pleaded in the County Count, or a plea in off-set, not *bona fide*, before the justice, could not give appellate jurisdiction to the County Court.

In the statute of 1821, extending the jurisdiction of a justice of the peace from fifty-three dollars, to one hundred, the first *proviso* to the first section is, " that no appeal shall be allowed in any action brought on notes of hand—if such notes shall not exceed the sum of twenty dollars." If this were the only limitation applicable to the subject, the terms of the statute are such, that the exception of cases, not appealable, would seem to apply to the *notes*, as originally *given*, without reference to the sum remaining due. Hence, it has been held, that promissory notes, exceeding twenty dollars, but indorsed below twenty dollars, and not below ten dollars, were still appealable. But the sum due here, being below ten dollars, it is contended that it came within the 5th Section of that statute.

This section provides, that the judgment of a justice of the peace shall be final *in all cases*, where the *sum demanded* does not *exceed ten dollars*. This, in terms, extends to the case before the court, and we think there is even more propriety in extending it to this, than most other cases. Had the former provision been, that all cases brought on promissory notes, exceeding twenty dollars, should be appealable, it would extend to this case, but it is in the alternative, so that the statute, in order to consist with itself, must receive the construction now given it.

Judgment of the County Court reversed, and judgment that the cause be dismissed.

*Hector Adams, for plaintiff.*
*Defendant, pro se.*